# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

**UNITED STATES OF AMERICA,** §
*Plaintiff* §
§
**v.** § No. 1:19-CR-00045-RP
§
**(1) AARON LARA,** §
*Defendant* §

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

Before the Court is the United States Probation Office's (USPO) Petition for Warrant or Summons for Offender Under Supervision, Dkt. 59. The undersigned submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I.   BACKGROUND

### A.   Timeline from the USPO's Adjustment Summary[1]

On September 4, 2019, Aaron Lara, was sentenced by U.S. District Judge Robert Pitman, sitting in the Western District of Texas, Austin Division to 60 months of imprisonment, followed by a 3-year term of supervised release for the offense of

---

[1] At the hearing on the petition, Defendant stipulated to the accuracy of the facts stated in the Petition and Adjustment Summary.

Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). The defendant was ordered to abide by the following special conditions: substance abuse counseling; search condition; and payment of a $100 special assessment (satisfied).

The defendant's term of supervised release commenced on June 3, 2022. On June 15, 2022, his conditions of supervised release were read and explained. He acknowledged understanding all conditions and agreed to comply. At that time, Lara was referred to substance abuse counseling.

The defendant has struggled with sobriety and has been referred to various substance abuse programs. From June 6th to September 22nd, 2022, the defendant was enrolled In Kearley and Schmitt's substance abuse treatment program. On August 5th and September 8th, 2022, the defendant tested positive for methamphetamine. Based on the defendant's admitted methamphetamine use, from September 19th to November 14th, 2022, the defendant was enrolled in Last Resort Recovery Outpatient Services in Smithville, Texas. However, due to attendance issues and a positive methamphetamine drug test on December 12, 2022, he was unsuccessfully discharged from the program. Again, based on illicit substance abuse, from December 15, 2022, to June 27, 2023, the defendant was re-enrolled in substance abuse treatment at Kearley and Schmitt.

On February 7, 2023, the defendant tested positive for methamphetamine and opiates. Based on the defendant's ongoing substance abuse and lack of treatment success, on March 10, 2023, a Petition for Warrant was filed. Pursuant to an Agreed Recommended Disposition, on July 6, 2023, the Court modified the terms of

supervision to include participation in an Intensive Inpatient Program (IIP). From July 10th to August 24th, 2023, the defendant was enrolled in Lifetime Recovery IIP.

Based on his counselor's recommendation, on August 17, 2023, the defendant's conditions were modified to include participation in a mental health treatment program and to take all mental health medications as prescribed by a treating physician. Although he successfully completed the IIP program on August 24, 2023, according to his counselor, it was reported that he was using illicit substances while in the program.

On August 29, 2023, the defendant was re-enrolled into the substance abuse treatment program at Kearley and Schmitt for a third time; he only attended one session. On August 29, 2023, the defendant tested positive for methamphetamine and opiates (lab confirmed positive for methamphetamine and morphine). On August 31, 2023, the defendant underwent a psychological evaluation at Kearley and Schmitt. At that time, he was diagnosed with bipolar disorder and anxiety and prescribed psychotropic medication for the treatment of such. The defendant was required to meet with the psychiatrist for medication management, but he failed to do so. Based on the defendant's failure to meet treatment requirements (counseling attendance and testing positive for illicit substances), on October 18, 2023, he was unsuccessfully discharged from the program.

The defendant failed to submit drug tests on September 1st, 5th, October 2nd and 16th, 2023.

The defendant initially reported to his probation officer on August 29, 2023. However, he failed to remain home for a pre-arranged home visit on September 25, 2023. The defendant has not contacted his officer since September 11, 2023 (online monthly report submission). Further attempts to contact the defendant proved unsuccessful.

Following his release from the IIP on August 24, 2023, he obtained gainful employment at Goodwill Industries. However, on October 16, 2023, contact was made with personnel at Goodwill and they confirmed he was no longer employed at Goodwill.

The U.S. Probation office has spent a significant amount of monies for treatment and services for the defendant. Records reflect a total of $5,650.44 has been paid toward the defendant's treatment expenditures.

On November 14, 2023, the defendant was arrested and remains in federal custody.

### B. Hearing on USPO's Petition

The undersigned set the petition for hearing to be held on December 11, 2023. Dkt. 72. Present at the hearing were Defendant; his appointed counsel, Assistant Federal Public Defender Jose Gonzalez-Falla; Assistant U.S. Attorney Keith Henneke; and USPO Officer Kathleen Dow. During the hearing Defendant waived his preliminary hearing and his right to be present before the United States District Judge at the time of imposition of sentence and consented to allocution before the United States Magistrate Judge. After being advised of his rights and affirming his

understanding of the charges and penalties he faced, Defendant pleaded "True" to the violations set out in the petition.

After accepting Defendant's plea, the undersigned then considered the appropriate sentence. Defendant's counsel and AUSA Henneke agreed that an appropriate sentence would be to revoke Defendant's supervised release and impose a 6-month period of imprisonment with no additional supervised release to follow. Officer Dow recommended a 12-month prison sentence and agreed that no additional supervision be imposed after imprisonment. The undersigned accepted the agreed recommendation from Defendant and AUSA Henneke and stated on the record the intention to recommend that the District Judge revoke Defendant's supervised release and impose a 6-month term of imprisonment with no additional supervised release to follow.

## II.   FINDINGS OF THE COURT

1. Probable cause exists for the alleged violations set out in the petitions.

2. The most serious violation under both petitions is a Grade C, and Defendant's criminal history category is IV.

3. Defendant understood the petition and the charges alleged against him and had the opportunity to discuss the petition and charges with his attorney.

4. Defendant freely, intelligently, and voluntarily pleaded true to the charge, or charges, in the petition.

5. Defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

6. Defendant was sane and mentally competent at the time of these proceedings.

7. Defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8. Defendant waived his right to a preliminary hearing.

9. Defendant understood all of his statutory and constitutional rights and desired to waive those rights.

10. Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing.

11. Defendant violated the conditions of his terms of supervised release as set out in the petition, and there is a factual basis in support of that finding.

### III. FACTORS CONSIDERED

The undersigned has considered the factors set out in Title 18, United States Code § 3583(e) which makes reference to most of the factors set out in Title 18, United States Code § 3553(a), specifically:

1. The nature and circumstances of the offense, § 3553 (a)(1);

2. The history and characteristics of Defendant, (a)(1);

3. To afford adequate deterrence to criminal conduct, (a)(2)(B);

4. To protect the public, (a)(2)(C);

5. To provide Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, (a)(2)(D);

6. The kinds of sentence and the sentencing range recommended by the U.S. Sentencing Guidelines, policy statements and corresponding analysis, (a)(4) and (a)(5);

7. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found responsible for similar conduct, (a)(6);

8. The need to provide restitution to any victims of the offense, (a)(7).

Note: the factors in § 3553(a)(2)(A), namely the seriousness of offense, respect for the law and just punishment, were not considered by the undersigned.

## IV. RECOMMENDATION

The Magistrate Judge has carefully considered the arguments of counsel, the evidence presented by the parties and has taken judicial notice of the original pre-sentence report, and the petition, the Adjustment Summary and the Violation Conduct Computation prepared by the United States Probation Office.

In light of the factors set forth above, the undersigned **RECOMMENDS** that the District Judge **GRANT** USPO's petition, Dkt. 59, and **REVOKE** Defendant's term of supervised release, and impose a sentence of imprisonment of 6 months with no additional supervised release to follow.

## V. WARNINGS

In order to expedite the District Court's consideration of this report and recommendation, the parties jointly tendered a waiver of the 14-day objection period to the undersigned's report and recommendation. The undersigned, therefore, does not anticipate that objections will be filed. Nonetheless, out of an abundance of caution, the undersigned provides the parties with the following warning:

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed

findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED December 11, 2023.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE